# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

|  |  |
|---|---|
| **SARKES TARZIAN, INC.,** | |
| Plaintiff, | |
| v. | Civil Action No. _____ |
| **UNITED STATES DEPARTMENT OF JUSTICE** | |
| and | |
| **FEDERAL BUREAU OF INVESTIGATION**, | |
| Defendants. | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Sarkes Tarzian, Inc. ("Plaintiff" or "Local 3 News"), by and through its undersigned counsel, hereby alleges as follows:

1.      This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA" or the "Act"), for declaratory, injunctive, and other appropriate relief against the Department of Justice ("DOJ") and the Federal Bureau of Investigation ("FBI") (collectively, "Defendants").  Defendants have unlawfully withheld agency records requested by Plaintiff pursuant to FOIA.

## PARTIES

2.      Plaintiff Sarkes Tarzian, Inc. is an Indiana-based television and radio company founded on a commitment to its employees, the community, and

innovation. Sarkes Tarzian owns six radio stations and two television stations, including WRCB-TV in Chattanooga, Tennessee, also known as Local 3 News.

3. Defendant DOJ is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f)(1) that has possession, custody, and/or control of the records that Plaintiff seeks. The DOJ's headquarters are located at 950 Pennsylvania Avenue NW, Washington DC 20530.

4. Defendant FBI is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f)(1) that has possession, custody, and/or control of the records that Plaintiff seeks. FBI is a component of Defendant United States Department of Justice and is located at 935 Pennsylvania Avenue NW, Washington DC 20535. The FBI maintains a satellite office in Chattanooga, Tennessee.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over this action and personal jurisdiction over Defendants under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## FACTS

### Background

7. On July 16, 2015, Mohammad Youssef Abdulazeez shot and killed five people and wounded two more at two different military facilities in Chattanooga, Tennessee. He was shot dead at the scene of the second military facility by law enforcement. FBI, *Law Enforcement and Military Response to the July 16, 2015*

*Deadly Shootings at a Military Recruitment Center and a Naval and Marine Reserve*

*Center in Chattanooga, Tennessee* (July 22, 2015), https://perma.cc/FY8Y-P4R5.

8. The FBI has publicly stated that it believed Abdulazeez "acted alone."

PBS, *News Wrap: Chattanooga shooter acted alone, says FBI* (July 22, 2015),

https://perma.cc/LE72-9586.

9. The FBI has shown footage of the July 16, 2015 attack to members of

the public in the FBI's Citizen Academy.

**Plaintiff's FOIA Request**

10. On February 13, 2025, Heather Holley submitted a FOIA request to

the FBI on behalf of Local 3 News (the "Request"). A true and correct copy of the

Request is attached as **Exhibit 1**.

11. The Request sought "[a]ll unclassified files pertaining to the

investigation of the terror attack in Chattanooga on July 16, 2025." Ex. 1.

12. By letter dated July 23, 2025, the FBI denied the Request in its

entirety pursuant to Exemption 7(A), asserting that "there is a pending or

prospective law enforcement proceeding relevant to these responsive records, and

release of the information could reasonably be expected to interfere with

enforcement proceedings." A true and correct copy of the letter is attached as

**Exhibit 2**.

13. On October 14, 2025, Plaintiff submitted an administrative appeal to

DOJ's Office of Information Policy ("OIP") via FOIA STAR challenging the

applicability of Exemption 7(A) (the "Appeal"). A true and correct copy of the

Appeal, without exhibits, is attached as **Exhibit 3**.

14. By letter dated June 6, 2026, OIP denied Plaintiff's appeal. A true and correct copy of the letter is attached as **Exhibit 4**.

## CAUSE OF ACTION

### VIOLATION OF FOIA FOR
### WRONGFUL WITHHOLDING OF AGENCY RECORDS

15. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the Complaint.

16. Defendants are agencies subject to FOIA.

17. By the Request, Plaintiff properly requested records within the possession, custody or control of Defendants.

18. The Request complied with all applicable regulations regarding the submission of FOIA requests.

19. Defendants have not released any records or portions thereof in response to the Request.

20. Defendants have not demonstrated that records responsive to the Request are exempt under FOIA.

21. Defendants have not identified whether or how release of the records sought by the Request would foreseeably harm an interest protected by a FOIA exemption or why disclosure is prohibited by law. 5 U.S.C. § 552(a)(8).

22. Plaintiff has exhausted applicable administrative remedies with respect to the Request.

23. Defendants have improperly withheld records responsive to the Request in violation of FOIA. 5 U.S.C. § 552(a)(3)(A).

4

# REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

1) issue a declaration that Plaintiff is entitled to disclosure of the records responsive to the Request;

2) order Defendants to release all non-exempt records or portions thereof responsive to the Request;

3) enjoin Defendants from continuing to withhold any and all non-exempt records or portions thereof responsive to the Request;

4) award Plaintiff reasonable attorneys' fees and costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

5) grant such other relief as the Court may deem just and proper.


Dated: August 11, 2026

Respectfully submitted,

*/s/ Paul R. McAdoo*
Paul R. McAdoo, BPR No. 034066
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
6688 Nolensville Rd., Ste. 108-20
Brentwood, TN 37027
Tel: (615) 823-3633
pmcadoo@rcfp.org