UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SARKES TARZIAN, INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE AND FEDERAL BUREAU OF INVESTIGATION,<br><br>*Defendants*. | Civil Action No. 26-cv-0221 |

## ANSWER[1]

Defendants, Department of Justice (DOJ) and Federal Bureau of Investigation (FBI), hereby answer Plaintiffs' Complaint, ECF No. 1. Defendants deny each allegation of the Complaint not expressly admitted in its Answer and admit, deny, or otherwise respond to the numbered paragraphs of the Complaint as follows:

1. Defendants admit this action falls under the Freedom of Information Act (FOIA), 5 U.S.C. 552. The remaining allegations consist of Plaintiff's characterization of this action and legal conclusions to which no response is required.

## PARTIES

2. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations in this paragraph.

3. Defendant DOJ only admits that it is a federal agency within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered at 950 Pennsylvania Avenue NW, Washington, D.C.

[1] For ease of reference, Defendants refer to Plaintiff's headings and titles, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

20530. The remaining allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

4. Defendant FBI denies that the FBI is an agency within the meaning of 5 U.S.C. § 552(f)(1), but admits that the FBI is a component of the Department of Justice, is subject to the requirements of the FOIA, is headquartered at 935 Pennsylvania Avenue, NW, Washington, D.C. 20530, and has a satellite office in Chattanooga, Tennessee. The remaining allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

**JURISDICTION AND VENUE**

5. The allegations contained in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendants admit that this Court has jurisdiction subject to the terms and conditions of FOIA and pursuant to 5 U.S.C.§ 552(a)(4)(B).

6. The allegations contained in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B).

**FACTS**

**Background**

7. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

8. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

9. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

**Plaintiff's FOIA Request**

10. Defendants admit that the FBI received a FOIA request from Plaintiff, dated February 13, 2025, which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the Request attached to the Complaint (Exhibit 1) for a true and accurate statement of its contents, and deny all remaining allegations contained in this paragraph inconsistent therewith.

11. Defendants admit Plaintiff's request sought information related to July 16, 2015. Defendants refer the Court to the Request for a true and accurate statement of its contents and deny all allegations inconsistent therewith.

12. Defendants admit that the FBI denied Plaintiff's request and sent Plaintiff a letter dated July 23, 2025, which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the Letter (Exhibit 2) for a true and accurate statement of its contents and deny all allegations inconsistent therewith.

13. Defendants admit that Plaintiff sent an administrative appeal to the Department of Justice's Office of Information Policy ("OIP") on October 14, 2025. Defendants respectfully refer the Court to the Appeal (Exhibit 3) for a true and accurate statement of its contents and deny all allegations inconsistent therewith.

14. Defendants admit that the OIP denied Plaintiff's appeal via a letter dated June 11, 2026, which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the letter (Exhibit 4) for a true and accurate statement of its contents and deny all allegations inconsistent therewith.

## CAUSE OF ACTION

### VIOLATION OF FOIA FOR WRONGFUL WITHHOLDING OF AGENCY RECORDS

15. Defendants incorporate their responses to paragraphs 1–14 as if set forth fully herein.

16. Defendants admit they are subject to the FOIA.

17. The allegations contained in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

18. The allegations contained in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

19. Defendants admit they have not released any responsive records to Plaintiff.

20. The allegations contained in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

21. The allegations contained in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

22. The allegation contained in this paragraph consists of a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegation.

23. The allegations contained in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

**REQUESTED RELIEF**

The remaining portions of the Complaint contain Plaintiff's request or prayer for relief to which no response is required. To the extent that a response is required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

**AFFIRMATIVE AND OTHER DEFENSES**

Any allegations not specifically admitted, denied, or otherwise responded to are hereby denied. In further response to the Complaint, Defendants raise the following defenses. Defendants respectfully reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants throughout the course of this litigation.

**FIRST DEFENSE**

Defendants' actions did not violate the FOIA or any other statutory or regulatory provision.

**SECOND DEFENSE**

Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions of the FOIA or any other federal law.

**THIRD DEFENSE**

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by the FOIA.

**FOURTH DEFENSE**

Plaintiff is not entitled to relief beyond what is provided for under the FOIA.

**FIFTH DEFENSE**

Plaintiff is neither eligible for nor entitled to an award of attorneys' fees or costs in this action.

**SIXTH DEFENSE**

Defendants have not improperly withheld records requested by Plaintiff under the FOIA.

* * *

WHEREFORE, having fully answered the Complaint against it, the Defendants aver that the Plaintiff has failed to state a claim upon which relief may be granted and that her Complaint should, as a result, be dismissed with prejudice.

Respectfully submitted,

FRANCIS M. HAMILTON III,
United States Attorney

By: /s/ *Dylan P. Fink*
Dylan P. Fink, BPR# 040217
Patrick S. Rader, BPR# 037766
Assistant United States Attorneys
800 Market Street, Suite 211
Knoxville, Tennessee 37902
Patrick.Rader@usdoj.gov
Dylan.Fink@usdoj.gov
Telephone: (865) 545-4167